UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD HAKIMI,<br><br>         Plaintiff,<br><br>      -v-<br><br>TREMBLANT CAPITAL LP a/k/a TREMBLANT CAPITAL GROUP, TREMBLANT CAPITAL LLC, TREMBLANT HOLDINGS LLC, TREMBLANT PARTNERS LP, TREMBLANT CONCENTRATED FUND LP, TREMBLANT LONG MASTER FUND LP, TREMBLANT CONCENTRATED MASTER FUND LP, TREMBLANT ELS MASTER FUND LP, TREMBLANT PARTNERS MASTER FUND LP, and BRETT BARAKETT,<br><br>         Defendants,<br><br>and<br><br>TILE SHOP HOLDINGS, INC.,<br><br>         Nominal Defendant. | **18 Civ. 1328**<br><br>(*Jury Trial Demanded*)<br><br>**COMPLAINT** |

Plaintiff Todd Hakimi ("Hakimi"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 3, as follows:

### Nature of the Action

1. This is an action to obtain disgorgement of "short-swing" profits obtained by defendants from purchases and sales of common stock of Nominal Defendant Tile Shop Holdings, Inc. in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b) or Section 16(b)").

2. Section 16(b) provides that if a person, while beneficially owning more than 10% of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of

any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

## The Parties

3. Plaintiff Hakimi is a New York resident who is the owner of common stock of Nominal Defendant Tile Shop Holdings, Inc. ("Tile Shop" or the "Company").

4. Tile Shop, a nominal defendant herein, is a Delaware corporation with its principal place of business at 14000 Carlson Parkway, Plymouth, Minnesota 55441.

5. Defendant Tremblant Capital LP, also known as Tremblant Capital Group (and referred to herein as "Tremblant Capital") is a Delaware limited partnership with its principal place of business at 767 Fifth Avenue, Floor 12A, New York, New York 10153. Tremblant Capital serves as the common investment manager and partial beneficial owner to the six (6) Defendant "Tremblant Investment Funds", hereinafter defined, and common investment manager to seven (7) "Tremblant Feeder Funds", hereinafter defined, that invest their assets in the Defendant Tremblant Investment Funds.

6. Defendant Tremblant Capital LLC is a Delaware limited liability company with its principal place of business at 767 Fifth Avenue, Floor 12A, New York, New York 10153. Tremblant Capital LLC is the general partner of Defendant Tremblant Capital.

7. Defendant Tremblant Holdings LLC ("Tremblant Holdings") is a Delaware limited liability company with its principal place of business at 767 Fifth Avenue, Floor 12A, New York, New York 10153. Tremblant Holdings is the general partner of each of the Defendant Tremblant Investment Funds and the general partner of two of the Tremblant Feeder Funds – Tremblant Long Fund LP and Tremblant ELS Fund LP.

8. Defendant Brett Barakett ("Barakett") is the principal owner and Managing Member of Tremblant Capital LLC, the principal owner, Chairman and Chief Executive Officer of Tremblant Capital, and the Managing Member of Tremblant Holdings. Barakett is also a co-Director of five (5) of the Tremblant Feeder Funds – Tremblant Long Fund Ltd., Tremblant Concentrated BPI Fund Ltd., Tremblant Concentrated Fund Ltd., Tremblant ELS Fund Ltd. and Tremblant Partners Ltd. Barakett maintains an office at 767 Fifth Avenue, Floor 12A, New York, New York 10153. Barakett has direct and/or indirect beneficial ownership of all securities held by the Defendant Tremblant Investment Funds.

9. Defendants Tremblant Partners LP and Tremblant Concentrated Fund LP (collectively, the "Domestic Investment Funds") are funds or investment vehicles, which are structured as Delaware limited partnerships. Defendants Tremblant Long Master Fund LP, Tremblant Concentrated Master Fund LP, Tremblant ELS Master Fund LP and Tremblant Partners Master Fund LP (collectively, the "Off-Shore Investment Funds") are funds or investment vehicles that are structured as Cayman Islands Exempted Limited Partnerships (the Domestic Investment Funds and the Off-Shore Investment Funds are collectively referred to herein as the "Tremblant Investment Funds"). The Tremblant Investment Funds all maintain offices at 767 Fifth Avenue, Floor 12A, New York, New York 10153. A chart showing the organizational and investment control structure of the Defendants is annexed as **Exhibit A**.

10. Tremblant Capital beneficially owns 12% of Defendant Tremblant Partners LP, 66% of Defendant Tremblant Concentrated Fund LP, 7% of Defendant Tremblant Long Master Fund LP, 54% of Defendant Tremblant Concentrated Master Fund LP, 3% of Defendant ELS Master Fund LP and 14% of Defendant Tremblant Partners Master Fund LP, and beneficially

owns the feeder funds as follows: 17% of Tremblant Long Fund LP, 3% of Tremblant Long Fund Ltd., and 3% of Tremblant ELS Fund Ltd.

## Jurisdiction and Venue

11.     Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that Defendants maintain offices or are otherwise found in this District, and certain of the acts underlying this action occurred in this District.

## Section16(b) Group Activity

12.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

13.     Defendants Tremblant Capital, Tremblant Capital LLC, Tremblant Holdings and the Tremblant Investment Funds constitute a group (the "Tremblant Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the Tremblant Group was a greater than 10% beneficial owner of the Company's

common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth. As Barakett, through Tremblant Capital and Tremblant Holdings, directed all purchases and sales for each of the Tremblant Group members, at all relevant times, a group was formed and operative within the meaning of §13(d), for the purpose of acquiring, holding and disposing of shares of Common Stock.

14.  Other indicia of group membership include the facts that: (i) Barakett is the sole decision maker for all investments of the Tremblant Group members, (ii) Tremblant Capital is the investment manager to all of the Defendant Tremblant Investment Funds and the Tremblant Feeder Funds, (iii) Barakett is the principal owner and managing member of Tremblant Capital's general partner – Tremblant Capital LLC, the principal owner, Chairman and CEO of Tremblant Capital, and the Managing Member of Tremblant Holdings, the general partner to all of the Tremblant Investment Funds and the Domestic Feeder Funds, (iv) various SEC filings were made collectively on behalf of the Tremblant Group members, (v) Defendants operate out of the same office with the same employees, and (vi) Defendants, other than Barakett, bear the "Tremblant" name.  These facts demonstrate that the Tremblant Group agreed to act together for the purposes of trading the Company's Common Stock.

## Defendants' Purchase and Sale Transactions

15.  From no later than June 30, 2015 through December 31, 2015, the Tremblant Group purchased and sold shares of the Company while the Tremblant Group was a greater than 10% beneficial owner of the Company's outstanding Common Stock. At all relevant times, the Tremblant Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company.  In Schedule 13G and Form 13F

filings, the Tremblant Group disclosed beneficial ownership of the Company's outstanding Common Stock, as follows:

| Date | Beneficial Ownership |
|---|---|
| 06/30/2015 | 4,261,137 shares (plus 80,700 call options) |
| 09/08/2015 | 5,999,638 shares |
| 09/30/2015 | 5,876,887 shares |
| 12/31/2015 | 3,516,804 shares (plus 895,700 call options) |

16. These filings demonstrate that the Tremblant Group both purchased and sold at least 870,000 shares within a six-month period while the group was a greater than 10% beneficial owner. Because the Tremblant Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the extent of the short-swing profits that the Tremblant Group garnered in violation of Section 16(b). However, based on the share price of the Company's Common Stock during the aforementioned period, it is all but certain that the Tremblant Group garnered short-swing profits of at least $4 million.

17. Based on the Tremblant Group's filings, there is no basis for the Tremblant Group to deny the existence of a Section 13(d) group with greater than 10% beneficial ownership, nor is there any basis on which the Tremblant Investment Funds are not liable as statutory insiders.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, *supra*, as if fully set forth herein.

19. As particularized in paragraphs 15 – 17, *supra*, the Tremblant Group engaged in transactions which yielded short swing profits subject to disgorgement to the Company.

20.     Each of the Defendants has a pecuniary interest in short-swing profits realized by the Tremblant Group and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to the Company their short swing profits.

21.     Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits are approximately $4 million or greater.

## ALLEGATIONS AS TO DEMAND

22.     On March 9, 2017, Plaintiff made due demand on the Company to commence this lawsuit, but it has failed to do so.

23.     On or about June 7, 2017, Plaintiff, Defendants and Nominal-Defendant Tile Shop, through their counsel, entered into a Standstill and Tolling Agreement ("Tolling Agreement") tolling the statute of limitations for the claims asserted in this Complaint to permit the parties to engage in settlement discussions without regard to the running of the statute of limitations.  The Tolling Agreement has not expired or been terminated.

WHEREFORE, plaintiff demands judgment on behalf of Tile Shop Holdings, Inc. against Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York
February 14, 2018

                Yours, etc.

                Paul D. Wexler
                110 E. 59th Street, 23rd Floor
                New York, New York 10022
                (212) 317-0777
                E-Mail:  pdw@paulwexlerlaw.com

OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.


 /s/ *Glenn F. Ostrager*
Glenn F. Ostrager
Joshua S. Broitman
Roberto L. Gomez

570 Lexington Avenue
New York, New York 10022
Tel.: (212) 681-0600
E-Mail: gostrager@ocfblaw.com

*Attorneys for Plaintiff*